IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OSCAR GREG GILLIAM          §
(# 15031829),              §
                           §
        Plaintiff,         §
                           §
V.                         §          No. 3:16-cv-113-L-BN
                           §
SHEILA JANICE GILLIAM, ET AL.,  §
                           §
        Defendants.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff Oscar Greg Gilliam, currently detained at the Dallas County Jail, has filed a *pro se* civil rights complaint against Sheila Janice Gilliam and Jeremy Scott, in which he alleges that Sheila Gilliam "acted in gross omission by rejecting [his] demands to egress [her] son from Plaintiff's home," which Plaintiff alleges "resulted" in his being placed "under arrest and summon[ed] to interrogation in Civil Court." Dkt. No. 3 at 3. Plaintiff further alleges that Scott committed a "gross act of omission by

rejecting Plaintiff's demands to egress [his] house and eat Plaintiff's food that Plaintiff paid for and for not helping to keep clean up." *Id.*

The Court has granted Plaintiff leave to proceed *in forma pauperis*, *see* Dkt. No. 5, and the undersigned now concludes that this case should be dismissed with prejduice under Section 1915(e)(2)(B).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

Plaintiff has filed a civil rights complaint naming only private individuals, and he provides the Court with no facts to connect the alleged conduct of these individuals to the State. Absent factual allegations to support a claim that the conduct of any defendant – alleged to have violated his rights under the Constitution – may be attributable to the State, Plaintiff fails to state plausible claims under 42 U.S.C. § 1983.

> [T]o state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)..

*Hester v. Dallas Cnty. Jail*, No. 3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *rec. adopted*, 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) (citation omitted; some internal citations modified).

Given the facts Plaintiff alleges – that Sheila Gilliam's failure to remove Scott from Plaintiff's home and Scott's failure to leave are, alone or together, actionable as civil rights violations and, furthermore, supposedly led to Plaintiff's arrest – "no amount of artful or creative pleading will allow Plaintiff to state a [Section 1983] claim upon which relief may be granted" against these defendants because the factual allegations cannot be construed to allege conduct "'fairly attributable to the State.'"

*Wheeler v. Ceniza*, No. 3:12-cv-1898-L, 2013 WL 1091242, at \*7 (N.D. Tex. Mar. 15, 2013) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)). As such, the undersigned recommends dismissal of the Section 1983 claims with prejudice.

Because Plaintiff fails to state plausible claims under Section 1983, the Court should decline to exercise supplemental jurisdiction over any state law claims he alleges that could fall under the Court's supplemental jurisdiction. *See Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) (per curiam) ("28 U.S.C. § 1367(c)(3) permits a federal court to decline to exercise supplemental jurisdiction over state law claims when the court has dismissed the claims over which it had original jurisdiction"); *cf. Ingram v. Interstate Sanction Facility*, No. 6:07cv406, 2009 WL 153145, at \*2 (E.D. Tex. Jan. 20, 2009) ("Here, the Court acquired original jurisdiction over TDCJ based on the Plaintiff's claims of a violation of federal law under 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution. However, these federal claims against TDCJ lack merit because they are barred by the doctrine of sovereign immunity set out in the Eleventh Amendment. Thus, the claims over which this Court possessed original jurisdiction are without merit. This Court therefore declines supplemental jurisdiction over the plaintiff's state law claims, deferring instead to the laws and judicial processes of the State of Texas." (citations omitted)).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 19, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE